UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAGMAR LEIGH and HERNAN
LEIGH,

    Plaintiffs,
v.                                          Case No.: 8:19-cv-267-T-60AAS

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Amica Mutual Insurance Company (Amica) moves to strike Dagmar Leigh's and Hernan Leigh's (collectively, the Leighs) supplemental disclosure and report of their expert Mason Chickonski. (Doc. 22). The Leighs oppose the motion. (Doc. 23).

### I. BACKGROUND

Amica is the Leighs' homeowners' insurance carrier. (Doc. 18, ¶ 4). The Leighs claim their property sustained a covered loss due to water damage. (*Id.* at ¶ 4). Following a dispute about policy coverage, the Leighs sued Amica for breach of contract. (Docs. 1, 18).

Under the case management and scheduling order, the Leighs' expert disclosure deadline was June 1, 2019. (Doc. 10). On May 31, 2019, the Leighs served their expert disclosures (May 31 disclosure). (Doc. 23, Ex. A). The Leighs expert disclosures identified several experts, including Mr. Chickonski. (*Id.*). The report

1

contained Mr. Chickonski's opinions about the Leighs' plumbing system, the water damage to the property, and the method and cost of repairing the failed plumbing system. (*Id.*).

On June 25, 2019, without requesting an extension of the expert disclosure deadline, the Leighs provided a "supplemental" disclosure and report of Mr. Chickonski (June 25 disclosure). (Doc. 22, Ex. B). In the June 25 disclosure, Mr. Chickonski advised that on June 18, 2019 he obtained moisture readings at the Leighs' home. (Doc. 22, Ex. B). Mr. Chickonski opined "that the failed plumbing system caused the observed elevated moisture and [] resulted in damage to the interior of the home." (*Id.*). The supplemental disclosure contains several photographs of the moisture readings. (*Id.*).

Amica moves to strike Mr. Chickonski's June 25 disclosure as untimely and not substantially justified. (Doc. 22). The Leighs oppose the motion and argue the June 25 disclosure is timely and appropriate. (Doc. 23).

## II. APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witness it may use to present evidence. Fed. R. Civ. P. 26(a)(2)(A). The parties must provide their expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). For experts retained or employed to provide expert testimony, the expert disclosure must include "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts

2

or data considered by the witness in forming them," among other requirements. Fed. R. Civ. P. 26(a)(2)(B).

Rule 26(e)(1)(A) requires a party to supplement its disclosures "if the party learns that in some *material respect* the disclosure . . . is *incomplete or incorrect*, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

Under Rule 37(c)(1), a failure to timely disclose may lead to exclusion of the information "unless the failure was substantially justified or is harmless." The party that failed to timely disclose bears the burden of establishing that the failure was substantially justified or harmless. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

### III. ANALYSIS

Mr. Chickonski's June 25 disclosure is not a supplemental report required under Rule 26(e). The June 25 disclosure included moisture readings from tests performed at the Leighs' home on June 18, 2019, over two weeks after the Leigh's expert disclosure deadline.

A party may not supplement an expert report to cure an omission or to remedy an expert's inadequate or incomplete preparation. *See Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009) (excluding an expert's untimely second report because it contained opinions not

3

addressed in the initial report); *K&H Dev. Group., Inc. v. Howard*, 255 F.R.D. 562, 567-68 (N.D. Fla. 2009) (striking an expert's "supplemental" report that included a new theory of damages based on information available when expert prepared the initial report).

Mr. Chickonski could have conducted the same water damage testing prior to the June 1st expert disclosure deadline. (*See* Docs. 1, 18). "Rule 26 imposes a duty on parties to comply with the disclosure deadlines. It grants them no right to produce information in a belated fashion." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012) (internal citations and quotations omitted). The May 31 disclosure is not incomplete or incorrect in some material respect without additional water damage testing. *See* Fed. R. Civ. P. 26(e)(1)(A). The Leighs cannot use the requirement to supplement its expert disclosure to justify Mr. Chickonski's belated water damage testing.

Because Mr. Chickonski June 25 disclosure is not a supplemental report required by Rule 26, the court must consider whether the failure to timely produce this information by the June 1st expert disclosure deadline is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The Leighs argue Mr. Chickonski performed additional testing after Mr. Chickonski's May 31 disclosure because they learned through the deposition testimony of plumbing expert, William Fetzner, on June 5, 2019, that Amica disputes water damage in the home. (Doc. 23, Ex. C). The Leighs argue Amica's corporate representative Daniel Joseph Lynch also disputed water

4

damage in the home in a deposition on June 12, 2019. (Doc. 23, Ex. D).

The court is not persuaded by the Leighs' argument that the failure to include Mr. Chickonski's additional water damage testing in the May 31 disclosure was substantially justified. Amica's answer to the amended complaint filed on May 3, 2019 does not admit to water damage in the home, but only admits to water damage in the garage. (Doc. 19, ¶ 5). Indeed, the entirety of the Leighs' insurance claim rests upon water damage to the property. (*See* Doc. 18). The Leighs were on notice, at least as early as May 3, 2019, almost a month before their expert disclosure deadline, that Amica only admits to "a covered loss … *in the garage* as a result of water damage." (Doc. 19, ¶ 5) (emphasis added). The Leighs thus fail to show substantial justification for the untimely test results in the June 25 disclosure.

Although the failure to timely conduct and disclose Mr. Chickonski's water damage readings prior to the expert disclosure deadline is not substantially justified, the error is harmless. Amica's expert disclosures were due July 10, 2019, over two weeks after Mr. Chickonski's June 25 disclosure. (Doc. 21). Although the discovery deadline has passed and the dispositive deadline is approaching, the final pretrial conference is scheduled for February 2020 and the trial is scheduled for March 2020. (Docs. 10, 25). This leaves sufficient time for a brief extension of the discovery and dispositive motions deadlines to cure any prejudice caused by the delay in receiving Mr. Chickonski's water damage reading results. Thus, the failure to timely produce this information is harmless.

5

## IV.  CONCLUSION

Mr. Chickonski's June 25 disclosure does not qualify as a required supplement under Rule 26(e).  However, the Leighs' failure to disclose the water damage readings prior to the expert disclosure deadline was harmless.

Thus, Amica's motion to strike Mr. Chickonski's June 25 disclosure (Doc. 30) is **DENIED**.  The discovery deadline is extended until **September 6, 2019**, for the sole purpose of giving Amica the opportunity to depose Mr. Chickonski as to the water damage reading results and to conduct their own water damage readings, if they so choose.  The dispositive motions deadline is extended until **September 27, 2019**.  All other deadlines contained in the case management and scheduling order (Doc. 10) remain in effect.

**ORDERED** in Tampa, Florida on August 21, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge