UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAGMAR LEIGH and HERNAN
LEIGH,

    Plaintiffs,

v.                                      Case No.: 8:19-cv-267-T-60AAS

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

Amica Mutual Insurance Company (Amica) moves to strike supplemental/additional hydrostatic testing. (Doc. 28). Dagmar Leigh and Hernan Leigh (collectively, the Leighs) oppose the motion. (Doc. 39).

## I. BACKGROUND

Amica is the Leighs' homeowners' insurance carrier. (Doc. 18). The Leighs claim their property sustained a covered loss due to water damage. (*Id.*). Following a dispute about policy coverage, the Leighs sued Amica for breach of contract. (*Id.*).

On April 24, 2019, Reynaldo Alvarez, the Leighs' expert, performed a hydrostatic test for water damage at the Leigh's home (April hydrostatic test). (Doc. 39, Ex. A). Alvarez took photographs and three videos during the test. (*Id.*). Alvarez's expert report included, among other things, the April hydrostatic test results, the three videos, and the photographs. (*Id.*).

1

On June 26, 2019, Donald Dunn, Amica's expert, inspected the Leighs' home but did not perform a hydrostatic test. (*See* Doc. 23, Ex. B). Dunn testified he did not conduct a hydrostatic test because he did not believe it was a valid test. (Doc. 39, Ex. B).

On July 19, 2019, Alvarez testified about the April hydrostatic test, as well as the three videos and pictures. (*See* Doc. 39, Ex. C). Alvarez testified he created a continuous video of the April hydrostatic test, but he did not have the continuous video at the deposition. (*Id.*). After the deposition, Alvarez attempted to locate the continuous video but could not. (Doc. 39, p. 5). On July 29, 2019, Alvarez performed a second hydrostatic test (July hydrostatic test) and took a continuous video. (Doc. 39, Ex. D). The April hydrostatic test and the July hydrostatic test were conducted in the same manner and revealed the same results. (*Id.*). On July 30, 2019, the Leighs served Amica with a copy of the continuous video of the July hydrostatic test. (Doc. 39, Ex. E).

On August 6, 2019, the Leighs timely served Alverez's rebuttal expert report addressing Dunn's opinions about the hydrostatic test and Building Codes relating to the hydrostatic test. (Doc. 39, Ex. G). The rebuttal report also included the continuous video of the July hydrostatic test. (*Id.*).

Amica moves to strike the July hydrostatic test as new and untimely.[1] (Doc.

---

[1] Amica's motion to strike is limited to the July hydrostatic test and does not include other testimony, videos, reports, or photographs. (*See* Doc. 28).

28). The Leighs oppose the motion. (Doc. 39).

## II. ANALYSIS

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to supplement its disclosures "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c)(1), a failure to timely disclose may lead to exclusion of the information "unless the failure was substantially justified or is harmless." However, even if the court finds that a party's failure to disclose evidence is neither substantially justified nor harmless, the sanction of exclusion is not mandatory. *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-cv-2446-T-27TBM, 2011 WL 3475548, at *3 (M.D. Fla. Aug. 9, 2011). Moreover, "'[t]he Court vastly prefers to decide cases on their merits,'" rather than excluding evidence. *Collins v. United States*, 3:08-cv-923-J-32JRK, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010) (citation omitted).

The July hydrostatic test supplements Alvarez's original report. (*See* Doc. 39, Exs. A, D). The July hydrostatic test followed the same procedures and obtained the same results as the April hydrostatic test. (*Id.*). Alvarez's opinions also remained the same. (*Id.*).

Although Alvarez performed the July hydrostatic test after service of his initial expert report, the Leighs acted timely and in good faith after learning the April

3

hydrostatic test continuous video could not be located. Within eleven days, the Leighs' expert Alvarez conducted the July hydrostatic test and provided Amica with a copy of the continuous video of that test. (Doc. 39, Ex. E). At the time of production, the Leighs offered that Alvarez sit for another deposition to answer any questions about the July continuous video. (Doc. 39, Ex. F). Amica did not respond. Instead, over a month later, Amica filed this motion.

The Leighs' inability to produce the continuous video of the April hydrostatic testing referenced in Alvarez's initial expert report is harmless. (Doc. 39, Ex. D). The Leighs produced the July hydrostatic testing continuous video to Amica on July 30, 2019. (Doc. 39, Ex. E). The April hydrostatic test and the July hydrostatic test were conducted in the same manner and revealed the same results. (Doc. 39, Ex. D). Alvarez testified at length about the April hydrostatic testing report, three videos, and pictures. (Doc. 30-1). The Leighs offered Amica the to opportunity to depose Alvarez about the July hydrostatic test continuous video, and Amica did not. (Doc. 39, Ex. F). Amica had ample opportunity to address the hydrostatic testing and no further discovery is necessary.

### III. CONCLUSION

Amica's motion to strike supplemental/additional hydrostatic testing (Doc. 28) is **DENIED**.

**ORDERED** in Tampa, Florida on October 10, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge