UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAGMAR LEIGH and
HERNAN LEIGH,

    Plaintiffs,

v.                                                        Case No. 8:19-cv-267-T-60AAS

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on "Defendant's Motion for Summary Judgment" (Doc. 57), filed by counsel on November 8, 2019. Plaintiffs filed a response in opposition to the motion on December 4, 2019. (Docs. 64; 65). For the reasons that follow, the motion for summary judgment is denied.

**Background**

The facts necessary to decide the instant motion are essentially undisputed. At all relevant times, Plaintiffs Dagmar and Hernan Leigh had insurance coverage pursuant to a property insurance policy issued by Defendant Amica Mutual Insurance Company ("Amica"). In February 2018, Plaintiffs noticed a puddle of water in their garage, which was caused by a failed kitchen waste-arm that ran between the kitchen and the garage. They hired a plumber who replaced the

copper pipe kitchen waste arm with PVC piping. On or about July 11, 2018, Plaintiffs reported their claim to Amica. On July 12, 2018, Amica inspected the property and determined that this physical loss was covered under the insurance policy, issuing a check in the amount of $1,489.60 ($1,989.60 in damages minus a $500.00 deductible). On August 2, 2018, Amica issued a supplemental check in the amount of $1,266.45.

According to Plaintiffs, the kitchen waste-arm repair was an emergency temporary repair, and the entire cast iron pipes plumbing system needs to be replaced, with no other method of repair being appropriate. Plaintiffs further argue that the cast iron pipe system itself failed causing direct physical loss to the structural backfill and the slab. Plaintiffs contend that this direct physical loss necessitates the replacement of the entire cast iron pipes plumbing system, and that to replace the system, they need to tear out and replace parts of the building necessary to gain access to the system. Plaintiffs argue that the tear out costs and replacement costs are covered under their insurance policy.

Amica argues that Plaintiffs have failed to show a direct physical loss to their property to support their current claim. Amica asserts that the kitchen waste-arm was properly repaired, and there have been no leaks or other plumbing problems associated with or caused by the replacement and repair of the kitchen waste arm. Amica argues that it is not obligated under the policy to pay for the tear out costs or the replacement costs of the entire plumbing system.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

It is well-settled that "the interpretation of an insurance policy is a question of law to be decided by the Court." *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1288 (M.D. Fla. 2019) (citing *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh PA*, 143 F. Supp. 3d 1283, 1292 (S.D. Fla. 2015); *see also Chestnut Associates, Inc. v. Assurance Co. of America*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla.

2014); *Szczeklik v. Markel Intern. Ins. Co., Ltd.*, 942 F. Supp. 2d 1254, 1259 (M.D. Fla. 2013). When reviewing an insurance policy, the contract should be "construed according to the plain language of the policy," and any ambiguities must be "construed against the insurer and in favor of coverage." *Desai*, 400 F. Supp. 3d at 1288 (citing *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). The insured bears the initial burden of establishing that their claim falls within coverage of the insurance policy; the burden then shifts to the insurer to prove that an exclusion applies. *Id.* (citing *Amerisure Ins. Co. v. Auchter Co.*, No. 3:16-cv-407-J-39JRK, 2017 WL 4862194, at *10 (M.D. Fla. Sept. 27, 2017)).

## Analysis

After considering the arguments of the parties and the applicable provisions of the insurance policy, the Court finds that a genuine issue of material fact precludes summary judgment. Specifically, if Plaintiff is able to establish as a matter of fact that the plumbing system that caused the covered loss includes all of the pipes in her house, and it is necessary to replace all of the pipes to repair that system, Amica would be obligated to pay these costs under the terms of the policy. *See* (Doc. 1-5, p. 3; 9-10). Plaintiffs' witnesses opine that replacement of the entire system was necessary under these circumstances. *See* (Docs. 27-1; 39-1; 65; 65-4; 65-5). Consequently, a material issue of fact exists regarding whether Amica was required to completely replace the cast-iron plumbing system in Plaintiffs' home.

Although the Florida cases cited by the parties do not directly address the

issue at hand, the Court draws further support for its conclusion from *Guadiana v. State Farm Fire and Casualty Company*, in which the district court considered similar policy language and determined that the factual issue of whether replacement of the entire pipe system was necessary precluded summary judgment. *See Guadiana v. State Farm Fire and Casualty Company*, No. CV 07-32 TUC FRZ (GEE), 2008 WL 4078767, at *4 (D. Ariz. Sept. 2, 2008) (explaining that if the plaintiff could factually establish that "the system that caused the covered loss include[d] all the pipes in her home and it was necessary to replace all the pipes to repair that system," the defendant would be obligated to pay the tear-out costs necessary to replace all the pipes, including those that were not leaking); *Guadiana v. State Farm Fire and Casualty Company*, No. CV 07-32 TUC FRZ (GEE), 2014 WL 12639918 (D. Ariz. Dec. 30, 2014) (adopting report and recommendation finding that question of material fact existed concerning whether the defendants "were required to completely replace the polybutylene piping in Plaintiff's home").

The Court notes that Amica, a sophisticated insurance company, certainly knows how to write insurance contracts. If it wanted to exclude coverage for the specific contingency at issue here, it could have easily done so in a very clear and concise manner. Clearly, Amica knew how to write contractual language excluding a wide variety of highly specific factual scenarios including, but not limited to: collapse of a structure; freezing of a plumbing system; weight of water on a pier, wharf or dock; theft in a dwelling under construction; mold fungus or wet rot; smog

corrosion; smoke from agricultural smudging; secretions by animals; and many, many other specific factual contingencies. Amica did not choose to include provisions dealing with the factual scenario presented here. The language of the policy, as written, does not specifically and unambiguously exclude coverage for the contingency at issue in this case. As such, "Defendant's Motion for Summary Judgment" must be denied.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Defendant's Motion for Summary Judgment" (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of February, 2020.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE